# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**RONALD D. JONES,**

    **Plaintiff,**

vs.                                                            Case No. 4:25cv367-AW-MAF

**DEXTER GOLDWIRE, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case on August 28, 2025. ECF No. 1. Plaintiff did not initially pay the filing fee or file an in forma pauperis motion, but an Order was entered directing him to do so. ECF No. 3. That Order also required Plaintiff to show good cause why this case should not be dismissed for submitting an incomplete and insufficient complaint. *Id.*

In response, Plaintiff filed a first amended complaint, ECF No. 4, and in forma pauperis motion, ECF No. 5. Plaintiff did not demonstrate good cause, but he was subsequently granted leave to proceed in forma pauperis, ECF No. 6. Furthermore, because his first amended complaint

remained insufficient, Plaintiff was given an opportunity to file a second amended complaint if he believed there was a factual basis to proceed. *Id.* The Order explained that Plaintiff had not shown that his constitutional rights were violated and that none of his allegations supported a claim against the City of Quincy. *Id.*

Plaintiff then filed a "statement of facts," ECF No. 7, but he did not file a proper complaint on the court form as required. Plaintiff was directed to do so by December 4, 2025. ECF No. 8.

Plaintiff has now timely filed a second amended complaint, ECF No. 11, which has been reviewed. The title page of the complaint names "Dexter Goldwire, et al.," as Defendants. ECF No. 11 at 1. However, in Section I of the complaint form, Plaintiff names the City of Quincy as the only Defendant. *Id.* at 3. That is inconsistent and insufficient.

Moreover, within the body of the complaint, Plaintiff contends the "only Defendant that is a 'state actor' is Commissioner Dr. Robin Wood." *Id.* at 4. Even if Plaintiff had properly listed Robin Wood as a Defendant at some point within the complaint, Plaintiff does not present factual allegations against that person to show that she violated his rights.

Plaintiff's factual allegations describe an altercation between himself and Daron Wood. *Id.* at 4-5. Plaintiff indicates that Mr. Wood blew leaves out of his yard towards Plaintiff's side of the road. *Id.* Plaintiff and Mr. Wood exchanged words in a not-so-neighborly fashion. *Id.* at 5. Plaintiff said when he asked Mr. Wood to stop blowing leaves, Mr. Wood approached him, threatened him, and "assaulted Plaintiff with his blower!" *Id.* at 6. Plaintiff called the police, but they "refused to take any action at all!" *Id.* at 5. When Plaintiff complained to the Quincy city manager, he was told to "submit it to the City Commission." *Id.* Plaintiff alleges that the Quincy mayor told "Commissioner Dr. Wood" and the city manager to meet and "try to work the matter out." *Id.* Plaintiff complains that he was never able to meet with anyone to resolve the matter. *Id.* He further contends that Commissioner Wood "corruptly misused her public office" in violation of Florida statutes to keep her husband, Daron Wood, from being arrested for assault. *Id.* at 6.

First, there are no factual allegations alleged which support Plaintiff's claim against Commissioner Wood. According to Plaintiff's allegations, the police were called and refused to take action. No factual allegations were

presented which show that Commissioner Wood directed or otherwise instructed the police to take no action.

Second, Plaintiff has not presented a sufficient claim under § 1983. To do so, "a plaintiff must allege facts showing that the defendant's act or omission, done under color of state law, deprived him of a right, privilege, or immunity protected by the Constitution or laws of the United States." Emory v. Peeler, 756 F.2d 1547, 1554 (11th Cir. 1985). Plaintiff has not demonstrated that his rights were violated. That is because Plaintiff does not have a constitutional right to press criminal charges against his neighbor.[1] In American jurisprudence, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619, 93 S. Ct. 1146, 1149, 35 L. Ed. 2d 536 (1973) (quoted in McGinley v. Fla. Dep't of Highway Safety & Motor Vehicles, 438 F. App'x 754, 756-57 (11th Cir. 2011); *see also* State v. Cain, 381 So.2d 1361, 1367 (Fla.1980) ("[T]he discretion of a prosecutor in deciding whether and how to prosecute is absolute in our system of criminal justice."). Because Plaintiff has not alleged the violation of his

---

[1] Plaintiff was previously advised of that fact. ECF No. 6 at 2.

Case No. 4:25cv367-AW-MAF

federal constitutional rights, the second amended complaint is insufficient to state a claim and should be dismissed.

Furthermore, because Plaintiff has already been provided several opportunities to submit a viable complaint, it is recommended that this case be dismissed with prejudice. It does not appear that providing further opportunities to amend would be beneficial.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's second amended complaint, ECF No. 11, be **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on December 8, 2025.

S/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other

parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.